

FILED JS
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

10 FEB -1 PM 12: 03

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                          CRIMINAL NO.    1:10CR-3-M

KEN-DEC, Inc.                                                          DEFENDANT

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by Candace Hill, United States Attorney for the Western District of Kentucky, and defendant, KEN-DEC, Inc., and its attorneys, Mark D. Stuaan and Larry Mackey, Esq. have agreed upon the following:

1. Defendant agrees to waive Indictment by the grand jury and to plead guilty to a felony Information which will be filed against defendant by the United States Attorney for the Western District of Kentucky. That Information will charge defendant with violations of Title 33, United States Code, Section 1319(c)(2)(A), The Clean Water Act and Title 42, United States Code, Section 6928(d)(2)(A), The Resource Conservation and Recovery Act.

2. Defendant is fully aware of the charges contained in the Information, and those charges have been fully explained by the Corporation's counsel in this matter. Defendant fully understands the nature and elements of the crimes charged.

3. At the time of the guilty plea and sentencing hearings, KEN-DEC, Inc., will appear in Court by counsel and through a representative of the company who is authorized to insure compliance with this Agreement, and will file with the Court a resolution of the

Defendant's Board of Directors authorizing the company to enter into this Plea Agreement and enter the guilty plea provided for herein.

4. Defendant KEN-DEC will enter a voluntary plea of guilty to Counts 1 and 2 in this case. Defendant will plead guilty because it is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

### Count 1(Clean Water Act)

On various but unspecified dates between July 1, 2007 and January 13, 2009, in the Western District of Kentucky, Hart County, Kentucky, KEN-DEC, Inc., through its agents, knowingly violated the Clean Water Act by discharging electroplating wastewater into a sink connected to the Horse Cave, Kentucky, Publicly Owned Treatment Works, and in violation of a Consent Decree with the City of Horse Cave.

### Count 2 (Resource Conservation and Recovery Act)

On various but unspecified dates between January 13, 2004 and January 13, 2009, in the Western District of Kentucky, Hart County, Kentucky, KEN-DEC, Inc., through its agents, knowingly violated the Resource Conservation and Recovery Act by disposing of listed hazardous waste without a permit through a hose that emptied onto the ground outside its facility at 1145 South Dixie Street, Horse Cave, Kentucky.

5. Defendant understands that the charges to which it will plead guilty carry, a combined statutory minimum fine of $5,000 and a combined maximum fine of $100,000 for each day of violation.

6. Defendant understands that by pleading guilty, it surrenders certain rights set forth below. Defendant's attorney has explained those rights and the consequences of its waiver of those rights, including the following:

A. If defendant persists in a plea of not guilty to the charges, it has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that the jury could not convict it unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and its attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in its own behalf. If the witnesses for defendant would not appear voluntarily, it could require their attendance through the subpoena power of the Court.

7. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of Counts 1 and 2 of the Information to which it pleads guilty.

3

8.  Defendant understands that it is a material part of this plea agreement that Defendant will, within one-hundred and twenty (120) days of the entry of a guilty plea pursuant to this Agreement, complete the following: (a) hire a consultant to remove all materials determined to be wastes from the facility and properly manage same; (b) remove from the facility all waste materials as required by the Kentucky Department of Environmental Protection and properly manage same; and, (c) remove and properly manage or compensate Caveland Environmental Authority ("CEA") for the costs of removal and proper management of sludge impacted by Defendant's discharge of electroplating waste water to the sewer system, which is located at CEA's Horse Cave, Kentucky, Publicly Owned Treatment System. Therefore, Defendant and the United States agree, and respectfully request, that Defendant's sentencing not be scheduled for at least one-hundred and twenty (120) days after entry of Defendant's guilty plea pursuant to this Agreement.

9.  Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $400 per count for felony offenses committed by an organization, that is, $800.00 to the United States District Court Clerk's Office by the date of sentencing.

10. At the time of sentencing, the United States agrees that a fine of $700,000, is appropriate, and is to be due and payable one week prior to the date of sentencing.[1] In addition,

---

[1] The defendant acknowledges that it understands the Notice and Penalty Pages attached to the Information, and that it understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

the United States agrees that there should be no order of restitution imposed as part of Defendant's sentence.

11. Both parties have independently reviewed Chapter 8 of the Sentencing Guidelines, Sentencing of Organizations, as well as the applicable daily minimum and maximum fines applicable in this case, and in their best judgment and belief, conclude that the fine agreed to and referenced in paragraph 10 is fair.

12. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void, neither party shall be bound thereto, the Defendant will be permitted to withdraw its plea of guilty and the United States will be free to continue its investigation which could lead to the prosecution of persons not named in the felony Information upon which this plea is based. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), Defendant will be given the opportunity to withdraw its guilty plea.

13. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant has informed the United States Attorney's Office and the Probation Officer, either directly or through its attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence including departures or variances from the guidelines. If Defendant argues for any sentence other than the one to which has been agreed, it is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the Agreement will become null and void, neither party shall be

bound thereto, and the United States is free to continue its investigation which could lead to the prosecution of persons not named in the felony Information upon which this plea is based. Likewise, the same remedy applies should the United States breach this Agreement by arguing for any sentence other than the one embodied in this agreement.

14.  This document states the complete and only Plea Agreement between the United States Attorney for the Western District of Kentucky and defendant in this case, and is binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:
CANDACE HILL
United States Attorney

By: _____          Feb. 1, 2010
Randy Ream                              Date
Assistant U.S. Attorney

As Defendant's representative, I have read this Agreement and carefully reviewed every part of it with KEN-DEC's attorney. As Defendant's representative, I represent that KEN-DEC fully understands this Agreement and as authorized by KEN-DEC, I voluntarily agree to it on behalf of the Defendant.

*Rick Moeller* /s/                                     2/1/10
Rick Moeller                                           Date
Representative for
Defendant KEN-DEC, Inc.


I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one, and has been authorized by my client.

*Mark Stuaan* /s/                                      Feb. 1, 2010
Mark D. Stuaan                                         Date
Counsel for Defendant KEN-DEC


*Larry Mackey by MDS* /s/                              Feb. 1, 2010
Larry Mackey                                           Date
Counsel for Defendant KEN-DEC


CGH:rr:1/28/2010

7